958 So.2d 750 (2007)
Marta C. FAGOT
v.
John Douglas PARSONS.
No. 2006-CA-1528.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 2007.
*751 Jeffery M. Lynch, Jefferson, LA, for Plaintiff/Appellant, Marta C. Fagot.
Max Nathan, Jr., Jack M. Alltmont, Danielle M. Ross, Sessions, Fishman & Nathan, L.L.P., New Orleans, LA, for Defendant/Appellee, Adrienne Laborde Parsons.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III, Judge LEON A. CANNIZZARO, Jr.).
LEON A. CANNIZZARO, Jr., Judge.
The trial court granted an exception of no cause of action raised by Mary Adrienne Laborde Parsons ("Ms.Laborde"), one of the defendants in the instant case. The plaintiff, Marta C. Fagot, is now appealing the granting of the exception.

FACTS AND PROCEDURAL HISTORY
Ms. Fagot filed suit against John Douglas Parsons and Ms. Laborde alleging that they were liable to her for the intentional and fraudulent conversion of property owned by Ms. Fagot. Additionally, she alleged that they were liable to her for their unjust enrichment at her expense.
According to the petition in the instant case, Mr. Parsons "intentionally and fraudulently converted" Ms. Fagot's funds from her brokerage account at the firm of Johnson Rice & Company ("Johnson Rice") where Mr. Parsons worked as a broker and financial advisor for various clients, including Ms. Fagot. During the time that the fraudulent conversion occurred, Ms. Laborde was married to Mr. Parsons.[1] The petition alleged that funds belonging to Ms. Fagot were converted and deposited into a joint bank account belonging to both Mr. Parsons and Ms. Laborde as community property. Additionally, the petition stated that converted funds were also deposited into a bank account in Ms. Laborde's name.
The petition claimed that Ms. Fagot settled her claims against Johnson Rice and reserved "any and all rights against Parsons which did not form a part of the settlement." Finally, the petition sought damages for unjust enrichment on the ground that the converted funds that were deposited into bank accounts in the names of Mr. Parsons or Ms. Laborde benefited the community of acquets and gains existing between them.
Ms. Laborde filed exceptions of no cause of action and no right of action in the trial court. The exception of no right of action was denied, but the exception of no cause of action was granted. Ms. Fagot was given fifteen days within which to amend her petition to state a cause of action. Because Ms. Fagot did not file an amended petition, the petition was dismissed pursuant to the trial court judgment.

DISCUSSION
Standard of Review
Whether a plaintiff has a cause of action is a question of law. Therefore, this Court is required to conduct a de novo review in determining whether the trial court was legally correct in granting the exception of no cause of action. See, e.g., *752 Badeaux v. Southwest Computer Bureau, Inc., 05-0612, 05-719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217.
Exception of No Cause of Action
The exception of no cause of action is a peremptory exception[2], the function of which is "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. In the Badeaux case, the Louisiana Supreme Court discussed the exception of no cause of action. The Supreme Court stated that "the focus in an exception of no cause of action is on whether the law provides a remedy against the particular defendant." 929 So.2d at 1216-17. The Supreme Court discussed the function of an exception of no cause of action and stated that an exception of no cause of action "questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." Id. at 1217.
In considering the merits of an exception of no cause of action, the trial court is required to decide whether to grant or deny the exception on the basis of the face of the petition. Id. To resolve the issues raised by an exception of no cause of action, "each well-pleaded fact in the petition must be accepted as true." Id.
Assignment of Error
The sole assignment of error in the instant case is whether the trial court correctly determined that Ms. Fagot had not stated a cause of action against Ms. Laborde. La. Civil Code art. 2298 establishes that there is a remedy for unjust enrichment. Article 2298 provides in relevant part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
(Emphasis added.)
In Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888, 897, the Louisiana Supreme Court enumerated the requirements that must be shown to prove a claim for unjust enrichment. The Supreme Court stated:
The five requirements for a showing of unjust enrichment . . . are: (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and (5) there must be no other remedy at law available to plaintiff.
See also Quilio & Associates, Inc. v. Plaquemines Parish Gov't, 05-0803, p. 12 (La.App. 4 Cir. 5/10/06), 931 So.2d 1129, 1137, writ denied, 06-1442 (La.9/29/06), 937 So.2d 850. In the instant case, it is clear that the fifth requirement for proving unjust enrichment cannot be met, because there were other remedies available to Ms. Fagot.
The facts in the petition in the instant case must be accepted as true for purposes *753 of determining whether the exception of no cause of action should have been granted. Badeaux, 929 So.2d at 1217. The relevant facts, as stated in the petition, are (1) that at Johnson Rice Mr. Parsons was a broker and financial advisor for Ms. Fagot, (2) that Mr. Parsons intentionally and fraudulently converted funds in Ms. Fagot's brokerage account at Johnson Rice by depositing them into accounts owned by Mr. Parsons and Ms. Laborde, (3) that Ms. Fagot was informed by Johnson Rice that it had discovered Mr. Parsons' fraudulent conduct, and (4) that Ms. Fagot settled her claims against Johnson Rice and reserved her rights to proceed directly against Mr. Parsons for any claims that did not form part of the settlement with Johnson Rice.
On the face of the petition there are clear grounds upon which Ms. Laborde's exception of no cause of action was properly granted.[3] Nowhere is it alleged that Ms. Laborde was responsible for the embezzlement or conversion of funds from Ms. Fagot's brokerage account, and Ms. Fagot stated in the petition that she had settled her claims against Johnson Rice. Thus, Ms. Laborde was not the tortfeasor, and there was a remedy available to Ms. Fagot.
The only remedy available against Ms. Laborde is in unjust enrichment, but that remedy is only available where there is no other available remedy. There are two other remedies that do not involve Ms. Labordeone against Johnson Rice, which has already been exercised, and another against the actual tortfeasor, Mr. Parsons. Because of the availability of other remedies, under the holding of the Baker case, Ms. Fagot has no cause of action against Ms. Laborde for unjust enrichment.

DECREE
Ms. Laborde was entitled to have her exception of no cause of action granted. The judgment of the trial court holding that Ms. Fagot had no cause of action against Ms. Laborde is affirmed, and the dismissal of the case against Ms. Laborde is also affirmed.
AFFIRMED.
NOTES
[1] Mr. Parsons and Ms. Laborde had divorced by the time the instant suit was filed.
[2] La. C.C.P. art 927 provides in relevant part:

A. The objections which may be raised through the peremptory exception include but are not limited to the following:
. . . .
(4) No cause of action.
[3] Ms. Fagot argued in her brief and at oral argument that La. Civil Code art. 2292, which concerns the receipt of a payment or a thing not owed, applied in the instant case. We have not considered this argument, however, because we are limited to a consideration of what is on the face of the petition to determine whether there is a cause of action. Badeaux, 929 So.2d at 217.