971 So.2d 426 (2007)
Thomas BOWSER
v.
PREMIER AUTOMOTIVE GROUP, a.k.a. Premier Dodge Chrysler Jeep, L.L.C., a.k.a. Premier Mitsubishi And Crescent Vans, Inc.
No. 2007-CA-0324.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2007.
Order Denying Rehearing December 11, 2007.
*427 James A. Gray II, Gray & Gray, A.P.L.C., New Orleans, LA, for Plaintiff/Appellant.
Christopher A. D'Amour, A. Kirk Gasperecz, Adams and Reese, LLP, New Orleans, LA for Defendant/Appellee, Crescent Vans, Inc.
(Court composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, and Judge LEON A. CANNIZZARO, JR.).
CHARLES R. JONES, Judge.
Thomas and Patricia Bowser (hereinafter collectively referred to as the "Bowsers"), seek review of a district court judgment in favor of the Appellee, Crescent Vans, Inc. (hereinafter referred to as "Crescent"), granting an exception of no cause of action and a motion for summary judgment, and dismissing the Bowsers' claim for non-pecuniary damages. We reverse and remand.
On September 3, 2004, Mr. Bowser filed a petition for damages, alleging that Crescent installed a wheelchair ramp on his van that did not fit Mrs. Bowser's wheelchair, and further alleging the interior of the van was too constricted, making it impossible to strap the wheelchair in for safety.
The Bowsers filed an amended petition on August 9, 2005, that added Mrs. Bowser as a plaintiff and which alleged negligent infliction of mental distress. The Bowsers further alleged that they "suffered aggravation, anguish, annoyance, anxiety, depression and inconvenience."
Crescent filed an exception of no cause of action and prescription. The district court granted the Bowsers additional time to amend their petition to state a cause of action.
The Bowsers complied and on March 7, 2006, filed a second supplemental and amending petition wherein they alleged their dealings with Crescent were intended to "gratify a non-pecuniary interest  to-wit  to obtain a specialized handicapped accessible mini-van in order to accommodate Patricia Bowser's special needs as a handicapped person." Additionally, the Bowsers' alleged they were unable to evacuate prior to Hurricane Katrina as a result of the loss of use of the handicapped van for which they bargained.
Crescent responded to the second supplemental and amending petition by filing an exception of no cause of action or, in the alternative, motion for summary judgment. Crescent argued that insufficient facts were pled to support the recovery of damages for non-pecuniary loss.
The district court held a hearing on the exception of no cause of action or, in the alternative, motion for summary judgment. The court granted the exception of no *428 cause of action and the motion for summary judgment.
The Bowsers on appeal argue the district court erred in excluding their non-pecuniary loss claim prior to trial because the determination of whether the purchase of the customized handicapped accessible van gratified a non-pecuniary interest  as a significant object of the contract  is a question of fact to be determined at trial, and plaintiffs' pleadings and affidavit adequately supported their claim for non-pecuniary loss. In consideration of this assignment of error, we will separately discuss the merits of Crescent's exception of no cause of action and motion for summary judgment.
EXCEPTION OF NO CAUSE OF ACTION
In Industrial Co., Inc. v. Durbin, XXXX-XXXX, pp. 6-7 (La.1/28/03), 837 So.2d 1207, 1213, the Louisiana Supreme Court addressed the peremptory exception of no cause of action by noting:
[t]he function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a district court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.
Additionally, the district court shall order an amendment to the petition when the grounds of the objection may be removed by amendment. Raspanti v. Litchfield, 2005-CA-1512, 2006-CA-0331, p. 6 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 239.
In the case sub judice, the Bowsers' second supplemental and amending petition alleged that their dealings with Crescent were intended to "gratify a non-pecuniary interest  to-wit  to obtain a specialized handicapped accessible mini-van in order to accommodate Patricia Bowser's special needs as a handicapped person."
La. C.C. art. 1998 governs damages for non-pecuniary loss. According to art. 1998, "[d]amages may be recovered when the contract, because of its nature, is intended to gratify a non-pecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss." Non-pecuniary damages are defined as "damages that cannot be measured in money." Black's Law Dictionary 418 (8th ed.2004).
The Louisiana Supreme Court determined an obligee may recover damages for non-pecuniary loss when the contract is intended to satisfy both pecuniary and non-pecuniary interests and where the interest is exclusively non-pecuniary. *429 Young v. Ford Motor Co., Inc., 595 So.2d 1123, 1124 (La.1992). The Young court held the purchaser of a defective or useless vehicle may recover damages for non-pecuniary loss even if the vehicle is not unreasonably dangerous and no physical injuries are sustained if the requirements of La. C.C. art. 1998 are satisfied. The Young court disallowed damages for non-pecuniary loss in that instance as the evidence presented at trial did not indicate that an objective in the purchase of the truck was gratification of a non-pecuniary interest. Id.
Yet, in Chaudoir v. Porsche Cars of North America, 95-729 (La.App. 3 Cir. 12/6/95), 667 So.2d 569, the Third Circuit allowed for the recovery of damages for a non-pecuniary loss when the vehicle purchased was the top of the line, hand built, and fulfilled a longing of Mr. Chaudoir.
Additionally, Louisiana courts have allowed for recovery of damages for non-pecuniary loss for breach of a contract to build a home when the home was the fulfillment of the American dream,[1] and when the home was the plaintiff's final home, a place she could leave her daughter and of which she could be proud.[2]
The Bowsers' second supplemental and amending petition alleged their involvement with Crescent for the installation of the handicapped ramp was intended to "gratify a non-pecuniary interest  to-wit  to obtain a specialized handicapped accessible mini-van in order to accommodate Patricia Bowser's special needs as a handicapped person." While this paragraph is not proof of entitlement to damages for non-pecuniary loss as it is conclusory in nature, the Bowsers' petition should not be dismissed for failure to state a cause of action.
As stated in Industrial Co., Inc., "a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of any claim which would entitle him relief." Industrial Co., Inc., XXXX-XXXX, p. 7, 837 So.2d at 1213. The Bowsers may be able to prove a set of facts which would support a claim pursuant to La. C.C. art. 1998. The Bowsers attempted to satisfy the elements of La. C.C.P. art. 1998 by the use of the phrase "special needs," but did not provide further factual details regarding those needs, such as whether they were for physical needs or emotional needs.
The Bowsers may allege the purchase of this van and chairlift was not a standard sale because the purchase was for emotional needs, such as the fulfillment of a longing as in Chaudoir or a dream as in Thomas, and that Crescent knew or should have known of this non-pecuniary interest. Hence, the grounds for the objection may be removed by amendment, and the Bowsers should be given a last opportunity to amend their petition to detail entitlement to damages for non-pecuniary loss pursuant to La. C.C. art. 1998. For the reasons cited above, we find the district court erred in granting the exception of no cause of action and dismissing the Bowsers' claim.
Motion for Summary Judgment
Appellate courts review summary judgments under the de novo standard of review. Raspanti, 2005-CA-1512, 2006-CA-0331, p. 16, 946 So.2d at 244. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers *430 to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2).
As detailed above, the Bowsers must not only prove they had a non-pecuniary interest, they must also establish Crescent knew or should have known that its failure to perform would lead to a non-pecuniary loss.
To prove lack of knowledge, Crescent attached several documents to its memorandum in support of its motion for summary judgment. Crescent submitted the affidavit of James Scott, the owner of Crescent. The affidavit alleged the "Bowsers never mentioned or suggested that the chairlift requested had a sentimental value or specific emotional need attached to it." Yet, the affidavit lacked the signature of James Scott and a notary public.
An unsigned, unnotarized affidavit is of no evidentiary value. Porche v. City of New Orleans, 523 So.2d 2, 3 (La.App. 4 Cir.1988); See also Citibank South Dakota, N.A. v. Stanford, 42,191 (La.App. 2 Cir. 5/9/07), 956 So.2d 756. Hence, Crescent failed to meet its burden of proof to show that there is no genuine issue of material fact regarding its knowledge or lack thereof. For the reasons cited above, the district court erred in granting the motion for summary judgment.

Decree
Accordingly, we reverse the judgment and remand this matter to the district court for proceedings consistent with this opinion.
REVERSED AND REMANDED.

ORDER
Considering the Motion for Rehearing filed by the Appellee, Crescent Vans, Inc.:
IT IS ORDERED that the Motion for Rehearing is DENIED.
Crescent Vans contends that our court failed to address the issue of whether the dismissal of the above numbered and entitled appeal was proper pursuant to Local Rule 2-8.6. However, Crescent Vans failed to act in accordance with Rule 2-8.1 of the Uniform Rules Courts of Appeal, which requires that the mover raise the issue of dismissal in a separate motion. Considering that the relief sought by Crescent City was not properly submitted, the Motion for Rehearing is denied.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J., dissents with reasons.
I respectfully dissent from the majority's order denying the motion (application) for rehearing filed by the appellee, Crescent Vans, Inc.
With regard to an abandonment of a civil appeal, as long as the clerk of the appeal court complies with the notice requirement set forth in Rule 2-8.6 of the Uniform Rules Courts of Appeal, I, unlike the majority, do not believe that an appellee must first file a separate motion to dismiss before the court may dismiss the appeal.
In accord with Rule 2-8.6, on May 30, 2007, the clerk of this court mailed a notice of abandonment to appellant's counsel stating that "the appeal shall be dismissed within thirty days of the mailing of this notice unless appellants' brief is filed in the meantime." The appellant did not file a brief by June 29, 2007, the final date prescribed by law and this court. Therefore, *431 this court, acting on its own motion, should have dismissed the appeal as abandoned but did not. Instead, the court considered the merits and rendered a judgment. Upon reconsideration, I believe this court erred in doing so.
Thus, I would grant a rehearing in this matter, vacate the November 14, 2007 judgment of this court, and dismiss the appellant's appeal as abandoned pursuant to Rule 2-8.6 of the Uniform Rules Courts of Appeal.
NOTES
[1] Thomas v. Desire Community Housing Corp., 98-2097 (La.App. 4 Cir. 7/19/00), 773 So.2d 755).
[2] Mayerhofer v. Three R's, Inc., 597 So.2d 151 (La.App. 3 Cir.1992).