980 So.2d 754 (2008)
Linda REED
v.
LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION d/b/a Louisiana Citizens Coastal Plan.
No. 2007-CA-1592.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
John H. Denenea, Jr., Brian G. Shearman, Shearman-Denenea, L.L.C, New Orleans, LA, for Linda Reed.
Gregory J. McDonald, Bienvenu, Foster, Ryan & O'Bannon, LLC, New Orleans, LA, for Louisiana Citizens Property Insurance Corporation.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
*756 TERRI F. LOVE, Judge.
This appeal arises from the trial court's judgment awarding Linda Reed the policy limits on her home destroyed by Hurricane Katrina, determining that the Louisiana Citizens Property Insurance Corporation acted arbitrarily and capriciously, and awarding penalties accordingly. The appeal concerns the alleged immunity from penalties of the Louisiana Citizens Property Insurance Corporation and that La. R.S. 22:658's penalty provision does not apply retroactively. We find that the Louisiana Citizens Property Insurance Corporation is not immune from penalties and that La. R.S. 22:658's penalty provision does not apply retroactively. Therefore, we amend in part and affirm as amended.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On August 29, 2005, Linda Reed's ("Ms. Reed") house in the Lake Catherine area of New Orleans was destroyed by Hurricane Katrina. Ms. Reed filed a petition for damages against the Louisiana Citizens Property Insurance Corporation ("LCPIC") demanding payment of her policy limits as well as penalties and attorney's fees for alleged arbitrary and capricious behavior. The trial court awarded Ms. Reed the policy limits relative to her housing structure, other structures, loss of use, and later amended the judgment to add the policy limits for contents. Further, the trial court awarded fifty percent penalties, $70,200 pursuant to La. R.S. 22:658, as well as interest and costs. LCPIC filed this timely appeal asserting that the trial court erred as to LCPIC alleged immunity from penalties and by applying La. R.S. 22:658 retroactively.[1]

STANDARD OF REVIEW
The appellate court reviews questions of law using the de novo standard of review. Bowser v. Premier Auto. Group, 07-0324, p. 3 (La.App. 4 Cir. 11/14/07), 971 So.2d 426, 428. Therefore, we must determine whether the trial court was legally correct or incorrect. Fagot v. Parsons, 06-1528, p. 2 (La.App. 4 Cir. 5/9/07), 958 So.2d 750, 752.

IMMUNITY
LCPIC asserts that it is immune from penalties; therefore, the trial court erred in assessing it penalties. The trial court assessed penalties against LCPIC pursuant to La. R.S. 22:658, which currently reads, in pertinent part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
. . .
(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, *757 within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
La. R.S. 22:658. However, we have found no wording or statute that specifically exempts LCPIC from penalties pursuant to La. R.S. 22:658. The legislature granted some immunity to the Louisiana Insurance Guaranty Association Fund, the Louisiana Insurance Rating Commission, its staff, and the LCPIC's governing board. See La. R.S. 22:1220 and La. R.S. 22:1430.5. Additionally, this Court held that LCPIC is not immune from penalties. Orellana v. La. Citizens Prop. Ins. Corp., 07-1095, p. 4 (La.App. 4 Cir. 12/5/07), 972 So.2d 1252, 1255. Therefore, we find that the trial court did not commit legal error in assessing LCPIC penalties pursuant to La. R.S. 22:658.

RETROACTIVITY
LCPIC contends that the amended version of La. R.S. 22:658, as shown above, does not apply retroactively to the case sub judice.
The amended version of La. R.S. 22:658, effective August 2006, provides for a fifty percent penalty, as well as reasonable attorney's fees and costs. However, the pre-amendment version provides for a twenty-five percent penalty and no attorney's fees or costs. La. C.C. art. 6 provides guidance as to retroactivity as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
La. C.C. art. 6. La. R.S. 22:658 contains no language regarding retroactivity. Therefore, we must determine whether the amendment constitutes substantive or procedural changes. Sher v. Lafayette Ins. Co., 07-0757, p. 17 (La.App. 4 Cir. 11/19/07), 973 So.2d 39, 55.
"A statutory amendment changing the percentage of permitted penalties is substantive and cannot be applied retroactively." Sher, 07-0757, p. 18, 973 So.2d at 56. "Therefore, the time when the right to the penalty comes into existence determines which penalty percentage applies." Francis v. Travelers, Ins. Co., 581 So.2d 1036, 1044 (La.App. 1st Cir.1991), citing Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So.2d 1347 (La.App. 1st Cir.1989). It is undisputed that LCPIC began adjusting Ms. Reed's claim and filed her petition prior to the effective amendment date of the La. R.S. 22:658 revision. This Court also held that the amended version of La. R.S. 22:658 is not retroactive. Sher, 07-0757, p. 18, 973 So.2d at 56.
Thus, we find that the trial court committed legal error by applying La. R.S. 22:658, as amended and reverse. The trial court awarded $70,200 in penalties, which was fifty percent of the total award. We *758 now amend the penalty award to reflect twenty-five percent of the total award, $35,100.

DECREE
For the above mentioned reasons, we find that the amended penalty provision contained in La. R.S. 22:658 is not retroactive and fix the penalty at $35,100. However, we find that the trial court did not err in finding that LCPIC is not immune from penalties.
AMENDED IN PART; AFFIRMED AS AMENDED.
CANNIZZARO, J., dissents and assigns reasons.
CANNIZZARO, J., dissents and assigns reasons.
I respectfully dissent from the imposition of penalties against the defendant, Louisiana Citizens Property Insurance Corporation ("LCPIC"). Pretermitting the issue of the retroactivity of La. R.S. 22:658, it is my conclusion that LCPIC is immune from the assessment of statutory penalties. In support, I reassert and rely on the reasons articulated in my dissent in Orellana v. La. Citizens Property Ins. Corp., 07-1095 (La.App. 4 Cir. 12/5/07), 972 So.2d 1252, writ pending consideration, 08-0041.
Under Louisiana law, it is undisputed an insured or claimant cannot recover penalties for an insurance carrier's failure to settle an insurance claim, except in the limited circumstances provided by statute. The penalty provision at issue in these proceedings is La. R.S. 22:658. In contrast, the cause of action for penalties in Orellana was premised on La. R.S. 22:1220. In Boudreaux v. State Farm Mutual Ins. Co., 04-1339, pp. 3-4 (La.App. 4 Cir. 2/2/05), 896 So.2d 230, 233, this court addressed the close relationship between the conduct prohibited in La. R.S. 22:658 and La. R.S. 22:1220:
The prohibited conduct under these two statutes is virtually identical: "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause." Reed v. State Farm Mutual Ins. Co., 03-0107, p. 12 (La.10/21/03), 857 So.2d 1012, 1020 (citing Calogero v. Safeway Ins. Co. of La., 99-1625, p. 7 (La.1/19/00), 753 So.2d 170, 174.). The primary difference between these two statutes is the different time periods allowed for payment-thirty days under La. R.S. 22:658 and sixty days under La. R.S. 22:1220. Id. Because these two statutes are penal in nature, they are to be strictly construed, [cites omitted]
Based on the inherent similarities of these penal provisions, the same legal principles are pertinent to their respective applications. Thus, my reliance on my dissent in Orellana for the principle that LCPIC is immune from statutory penalties is appropriate under the facts.
In the devastating aftermath of Hurricanes Katrina and Rita, the Louisiana Legislature sought to provide long-term economic stability and orderly growth and development to Louisiana, with an emphasis on the coastal areas. See, La. R.S. 22:1430. In order to effectuate such, it immediately responded to the resulting insurance crisis. Specifically, the Legislature acknowledged its obligation to provide assistance to the innumerable Louisiana residents unable to procure homeowner's property coverage in the volatile insurance market. Id. Through the amendment and re-enactment of La R.S. 22:1430, et seq., entitled "Louisiana Citizens Property Insurance Corporation," the Legislature created the LCPIC, a nonprofit insurance company operating in a statutory residual market. La. R.S. 22:1430.
Most notably, the Legislature confirmed in its threshold purpose statement that *759 ". . . it is essential for the corporation to have maximum financial resources to pay claims following a catastrophic hurricane. . . ." [Emphasis added.] Id. In furtherance of such, the Legislature instituted several measures to safeguard LCPIC's monetary resources,[1] which included enacting La. R.S. 22:1430.5, entitled "Immunity from Liability." It provides:
A. There shall be no liability on the part of and no cause of action of any nature shall arise against the Louisiana Insurance Rating Commission or any of its staff, or against the governing board of the Louisiana Citizens Property Insurance Corporation or anyone acting on behalf of the corporation or the plans, or against any servicing carrier or carriers, or against any assessable insurer, or against any participating insurance producer, or against the Department of Insurance or its representatives, for any action taken by them in the performance of their duties or responsibilities under this Subpart.
B. Such immunity from liability does not apply to:
(1) Any of the persons or entities listed in Subsection A hereof for any willful tort or criminal act.
(2) The corporation, or insurance producers placing business with one of the plans, for breach of any contract or agreement pertaining to insurance coverage.
(3) The corporation with respect to issuance or payment of debt.
(4) Any assessable insurer with respect to any action to enforce such insurer's obligations to the corporation under this Subpart.
[Emphasis added.]
Pursuant to Paragraph (A), the exemption from liability applies to, among others, LCPIC and anyone acting on its behalf during the performance of their duties or responsibilities. Particularly, Paragraph (B) enumerates the exceptions to the grant of immunity, which does not include an exception from the immunity exemption for the imposition of penalties. Undoubtedly, the Louisiana Legislature did not intend to have an exception from the grant of immunity for the assessment of penalties. La. C.C. art. 9 ("When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.").
Moreover, public policy dictates that the imposition of penalties under La. R.S. 22:658 would contravene the Legislature's intent in protecting LCPIC's financial resources for payment of claims in the event of a future natural disaster. See, Sultana Corp. v. Jewelers Mut. Ins. Co., 03-0360 (La.21/03/03), 860 So.2d 1112 ("Principles of judicial interpretation of statutes are designed to ascertain and enforce the intent of the Legislature in enacting the statute . . . The fundamental question in all cases of statutory construction is legislative intent and the reasons that prompted the Legislature to enact the law. [Cites omitted; emphasis added])." As stated, La. R.S. 22:658, as well as 22:1220(C), are penalty provisions allowing for the punishment of an insurance carrier for arbitrary *760 and capricious behavior. It is undisputed the penal nature of the monetary assessment is to discourage certain types of misconduct by an insurance carrier. Sultana Corp. v. Jewelers Mut. Ins. Co., 860 So.2d at 1118. Nonetheless, there would be no disincentive effect with the assessment of penalties against LCPIC. It is a nonprofit insurance carrier, and does not operate in the traditional insurance and investment market. Rather, it is involuntarily subsidized by every Louisiana licensed insurer writing commercial and residential property insurance. La. R.S. 22:1430. Therefore, in the event the majority's imposition of a monetary penalty on LCPIC is upheld, the penalty would result in a direct assessment and surcharge on all the insurance carriers operating in the state of Louisiana. These insurers would, in turn, be compelled to impose a surcharge premium against its Louisiana policyholders to cover its deficit. As I reasoned in Orellana, since LCPIC is indirectly financed by the citizens of Louisiana, they would ultimately suffer the long-term effects of the assessment of penalties through their insurance premium increases. Based on such, the imposition of penalties would undoubtedly be in direct contravention of the Legislature's intention of providing economic stability and relief. Like in Orellana, while I recognize the validity of the majority's argument relative to the punitive value of the imposition of penalties, I find the overriding expense to the already emotionally and financially taxed citizens of Louisiana to be unacceptable.
For these reasons, I conclude the majority's award of $35,100 in penalties to be inappropriate under the facts.
CANNIZZARO, J., dissents and assigns reasons.
NOTES
[1] Policy limits and the finding of arbitrariness and capriciousness are not at issue in this appeal.
[1] As stated, the Legislature took several statutory measures to guard LCPIC's financial resources. For instance, LCPIC and the interest on its debt obligations were expressly exempted from federal income taxation. LCPIC is also mandated to take all efforts to maintain its tax-free status. La. R.S. 22:1430 and 22:1430.5. Further, LCPIC is prohibited from declaring liquidation or bankruptcy, and obligated to retain any profits or excess reserves so as to offset any deficit incurred in the operation of the plan. La. R.S. 22:1430.6(E); La. R.S. 22:1430.20; and La. R.S. 22:1430(D)(4).