MADELEINE M. LANDRIEU, Judge.
| ,The plaintiff, Insulation Technologies, Inc. [“Insultech”], appeals the trial court’s dismissal of its amended petition based upon the granting of an exception of no cause of action raised by defendants B.P. America Production Company and B.P. Exploration and Production, Inc. [hereinafter collectively referred to as “B.P.”]. For the reasons that follow, we affirm.
FACTS AND PROCEEDINGS BELOW
Insultech instituted this action on April 19, 2011 by filing a “Petition for Breach of Contract and for Recovery of Amounts Due on Open Account” against defendant Industrial Labor and Equipment Services, Inc. [“ILES”]. The petition alleges that Insultech, as subcontractor, entered into a Master Service Agreement with ILES, as contractor, whereby Insultech agreed to supply certain labor, materials and equipment for use by ILES in performance of its duties under a Master Service Agreement ILES had entered into with BP regarding the BP Oil Response Project MC252 [“the BP oil spill cleanup project”]. According to the petition, the contract between Insultech and ILES required Insul-tech to submit | ¡Invoices for payment to ILES on the 15th and the last day of each month, with payment due 30 days from the issuance of the invoices. Any amount not paid by the due date was to bear interest at a rate of 1.5% per month from the due date until paid. According to the petition, the term of the agreement between Insul-tech and ILES was to run concurrently with the term of the BP oil spill cleanup project, including any renewals or extensions of the contract between BP and ILES. The petition further alleges that, starting in September of 2010, ILES ceased paying Insultech’s invoices, thereby breaching the contract and causing its premature termination. Insultech alleges that ILES owes it in excess of $2,550,000.00, for services provided under the contract.[1]
*? On June 4, 2012, Insultech filed an amended petition against BP, the dismissal of which is the subject of the instant appeal. The amended petition alleges that BP refused to pay ILES for certain services it provided on the oil spill cleanup project because there was a cap on the maximum amount payable to ILES under its contract with BP. Insultech alleges that it was unaware of this cap. It further alleges that once the cap was exceeded, BP continued to request services from ILES, and ILES continued to provide those services, acquiring them from Insultech. Allegedly, BP stopped paying ILES after the cap was exceeded, at which point ILES stopped paying Insultech. In its amended petition Insultech alleges that BP has been unjustly enriched at the expense of Insul-tech and prays for | <¡$2,550,000.00 in damages, plus penalties and interest pursuant to La. R.S. 9:2784.[2] Additionally, Insul-tech alleges that BP is liable for abuse of rights because the cap in the BP-ILES contract is manifestly unjust, contrary to public policy, and unenforceable.
In response to the amended petition, BP raised an exception of failure to state a cause of action. On October 15, 2012 the trial judge heard counsels’ arguments on the exception and stated that he would take the matter under advisement to consider the allegations of the amended petition in view of the applicable law. On November 13, 2012, the trial court rendered written judgment granting the exception of no cause of action. In accompanying Reasons for Judgment, the trial court explained why he had concluded that the amended petition failed to state a cause of action against BP for unjust enrichment or abuse of rights. The trial court further stated that Insultech would not be afforded an opportunity to amend its petition[3] because Insultech failed to demonstrate the existence of facts upon which it could base a valid cause of action against BP. The court therefore dismissed the claims against BP.
Insultech appeals the trial court’s judgment.
1 ¿ISSUES
Insultech admits that it has no contract with BP and therefore no direct contractual remedy against it. On appeal, Insultech argues that the trial court erred by: (1) finding that Insultech failed to state a cause of action for unjust enrichment; (2) finding that Insultech failed to state a cause of action for abuse of rights; and (3) dismissing the amended petition without affording Insultech an opportunity to amend.
STANDARD OF REVIEW
An appellate court reviews a ruling sustaining an exception of no cause of action under a de novo standard because the exception raises a question of law, and the trial court’s determination is based solely on the sufficiency of the petition. Badeaux v. Southwest Computer Bureau, Inc., 2005-0612, 0719, p. 7 (La.3/17/06), 929 So.2d 1211, 1217. An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Id. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, *1150 the court, accepting the well-pleaded allegations of fact as true, must determine whether, on- the face of the petition, the plaintiff is legally entitled to the relief sought. Jackson v. State ex rel. Dep’t of Corr., 2000-2882, pp. a-4 (La.5/15/01), 785 So.2d 803, 806. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 98-2423, p. 4 (La.App. 4 Cir. 9/22/99), 753 So.2d 861, 864.
DISCUSSION
We must determine, as did the trial court, whether the plaintiffs amended petition sets forth facts sufficient to state a cause of action against BP, and if not, whether Insultech must be afforded the opportunity to amend pursuant to Louisiana Code of Civil Procedure article 934. Because we find that the trial court’s well-written, thorough Reasons for Judgment present a correct application of the law to the facts alleged in the petition before us, we reach the same conclusions as did that court.

I. Unjust Enrichment

Insultech’s amended petition alleges that BP continued to order labor, materials and supplies from ILES although BP knew the contractual cap had been exceeded; that BP knew Insultech was providing some of the labor, supplies and materials as subcontractor; that BP nonetheless refused to pay ILES; and that ILES therefore refused to pay Insultech. Based upon these facts, the amended petition alleges that BP was unjustly, enriched and Insul-tech was correspondingly impoverished.
Louisiana Civil Code article 2298 provides, in pertinent part:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
Ijn Baker v. Maclay Properties Co., 94-1529, pp. 18-19 (La.1/17/95), 648 So.2d 888, 897, the Louisiana Supreme Court stated that there are five elements required for a showing of unjust enrichment:
(1) there must be an enrichment;
(2) there must be an impoverishment;
(3) there must be a connection between the enrichment and resulting impoverishment;
(4) there must be an absence of “justification” or “cause” for the enrichment and the impoverishment; and
(5) there must be no other remedy at law available to the plaintiff.
 To recover in an unjust enrichment action, the plaintiff must prove each of the five elements. See Fagot v. Parsons, 06-1528, pp. 4-5 (La.App. 4 Cir. 5/9/07), 958 So.2d 750, 752-53. Under Article 2298, the remedy of unjust enrichment is subsidiary in nature, and is “only applicable to fill a gap in the law where no express remedy is provided.” Walters v. MedSouth Record Management, LLC, 10-0353, p. 2 (La.6/4/10), 38 So.3d 243, 244 (quoting Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1 Cir.1988)). Accordingly, in Fagot v. Parsons, supra, this court affirmed the dismissal of the plaintiffs petition on an exception of no cause of action because of the existence of alternative remedies against parties other than the defendant in the action.
*? In the case before us, the trial court correctly found that Insultech’s unjust enrichment allegations fail to state a cause of action against BP because Insultech [7has other available remedies, and thus cannot satisfy the fifth requirement listed by the Court in Baker, supra. On appeal, as it did in the trial court, Insultech argues that it has no other remedies at law because it has no contractual or other remedy against BP besides unjust enrichment. The trial court correctly rejected that argument, stating: “The pertinent question here is not whether Insultech has a remedy against BP, but whether it has any available remedies. Insultech clearly has available remedies against ILES.” Insultech has a contractual remedy against ILES. This lawsuit, in which ILES remains a defendant, is a means of pursuing that remedy. The existence of a contractual remedy against ILES for the compensation it owes to Insultech precludes Insul-tech from maintaining a cause of action in unjust enrichment against BP for the same damages.
Accordingly, we conclude the trial court did not err by finding that Insultech has failed to state a cause of action against BP for unjust enrichment.

II. Abuse of Rights

Insultech next argues that the trial court erred by finding that Insultech has failed to state a cause of action against BP for abuse of rights.
The abuse of rights doctrine, which has been invoked sparingly in Louisiana, is a civilian concept that applies only in limited circumstances because its application renders unenforceable one’s otherwise judicially protected rights. Lee v. Pennington, 2002-0381, pp. 7-8 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, 1043. The principle is essentially that “fault” in the delictual sense can be imposed upon a party who attempts to exercise a legal right with the primary |8intention of harming or imposing a detriment upon another. See Lambert v. Maryland Cas. Co., 403 So.2d 739, 755 (La.App. 4th Cir.1981). Therefore, a cause of action for abuse of rights does not exist unless two conditions are met: (1) there is no benefit to the person exercising the legal right; and (2) there is damage or injury to the person against whom the legal right is asserted. Id. at 757.[4]
Insultech alleges in its amended petition that BP is liable for abuse of rights because the cap in the contract between BP and ILES is manifestly unjust, contrary to public policy, and unenforceable. We agree with the trial court that Insultech’s allegations fail to satisfy either of the two threshold requirements for the existence of an abuse of rights claim. First, it is not alleged that BP failed to benefit from imposing a cap on its payments to ILES under the contract, as such a cap obviously would benefit BP. Moreover, the cap is being imposed on ILES, not Insultech. Therefore, the allegation that Insultech was damaged by the imposition of a cap does not satisfy the second requirement, because Insultech is not the party against whom the right is being asserted.[5] We therefore agree with the trial *1152 court that Insultech has failed to state a cause of action against BP for abuse of rights.
Accepting all allegations to be true, we conclude that Insultech’s amended petition presently fails to state a cause of action under any theory of law.
| flIII. Leave to Amend
Insultech argues that the trial court erred by refusing to grant it leave to amend in order to allege facts sufficient to state a cause of action against BP. Louisiana Code of Civil Procedure article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
As this court has stated: “The right to amend [pursuant to La. C.C.P. art. 934] is not absolute. Amendment is not permitted when it would constitute a vain and useless act.” Smith v. State Farm Ins. Companies, 2003-1580, p. 6 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 913. The decision to allow amendment is within the trial court’s discretion and will not be disturbed absent manifest error. Fortier v. Hughes, 2009-0180, p. 5 (La.App. 4 Cir. 6/17/09), 15 So.3d 1185, 1188. In the present case, we recognize, as did the trial court, that the absence of a cause of action by Insultech against BP under the circumstances presented here is a legal conclusion and cannot be cured by a factual amendment. See Smith v. State Farm, supra. We therefore find that the trial court did not abuse its discretion by refusing to afford Insultech an opportunity to amend.
CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED
TOBIAS, J., Concurs in Part and Dissents in Part.

. Insultech additionally alleges in the petition that ILES committed a bad faith breach of the contract by informing Insultech’s employees that their services were being terminated and *? that they would no longer be allowed to work on the BP oil spill cleanup project unless they became employees of ILES. The petition seeks additional damages for this bad faith breach.

. La. R.S. 9:2784 provides rules concerning payment by contractors to subcontractors and suppliers, and sets forth penalties for noncompliance with its provisions.

. See La. C.C.P. art. 934, quoted infra.

. Additionally, in order for the doctrine to be applied, one of the following factors must exist: (1) the predominant motive for the exercise of the right is to cause harm; (2) no legitimate motive exists for the exercise of the right; (3) the exercise of the right violates moral rules, good faith, or elementary fairness; or (4) the right is being exercised for some purpose other than that for which the right was granted. Lee, supra, p. 8, 830 So.2d at 1043.

. Insultech would have no standing to assert that ILES was damaged.