869 So.2d 909 (2004)
Stuart H. SMITH
v.
STATE FARM INSURANCE COMPANIES and State Farm Fire and Casualty Company.
No. 2003-CA-1580.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
*910 Michael G. Stag, Smith Stag, L.L.C., New Orleans, LA, for Plaintiffs/Appellants.
Paul L. Peyronnin, Taylor S. Carroll, Phelps Dunbar LLP, New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, and MOON LANDRIEU, Judge Pro Tempore).
MOON LANDRIEU, Judge Pro Tempore.
In this case involving a toxic mold claim, the plaintiffs, Stuart H. Smith, Barry J. Cooper, Jr., and Judith M. Smith appeal *911 the judgment granting an exception of no cause of action in favor of the defendant, Rimkus Consulting Group, Inc., ("Rimkus"). For the reasons assigned, we affirm.

Facts and Procedural History
The plaintiffs' home sustained damage as a result of a hailstorm that moved through the New Orleans area on January 23, 2000. At the time of the damage, the plaintiffs maintained a property damage insurance policy with State Farm Insurance ("State Farm"). The general contractor used for repairs to the property was R.J.R. Construction, Inc. ("R.J.R."), which subcontracted with Brooks Roofing Company, Inc. ("Brooks"). Roof repairs were made on two separate occasions; however, the roof continued to leak, causing water damage to the interior of the home.
Thereafter, the plaintiffs noticed the growth of mold inside their home and notified State Farm, which retained Rimkus to inspect the property for the presence of mold. On September 25, 2001, Rimkus performed an inspection of the home and took samples for testing. Rimkus reported the test results to State Farm but not directly to the plaintiffs. In March 2002, State Farm notified the plaintiffs that the inspection confirmed the presence of toxic mold.
The plaintiffs filed the present lawsuit against State Farm, Rimkus, Brooks, and other defendants involved in the inspection of the plaintiffs' home.[1] The allegations made against Rimkus, as stated in the First Amended Petition, are as follows:
11.
Rimkus Consulting Group, Inc. herein at all times had a fiduciary and legal duty to protect plaintiff's property. Rimkus Consulting Group, Inc. breached its duty causing damage to plaintiff's legally protected interests as a result of the following non-exclusive particulars:
1. Failing to adequately assess the level of toxic molds in plaintiff's property;
2. Failing to warn plaintiff of excessive levels of toxic mold on or in plaintiff's property;
3. Falling below the standard of care required of an environmental consulting group.
As a result of the acts and omissions of Rimkus Consulting Group, Inc., and State Farm Insurance, mold contamination was increased and exacerbated. Rimkus Consulting Group, Inc.'s and State Farm Insurance's fault and breach of contract resulted in plaintiff's exposure to toxic mold above levels considered safe for human beings.
In response to the allegations, Rimkus filed an exception of no cause of action. The trial court granted the exception on June 4, 2003, dismissing Rimkus with prejudice. This appeal was timely filed on June 18, 2003.
On appeal, the plaintiffs contend that the trial court erred in granting the exception of no cause of action where Rimkus: (1) knew of the existence of an imminent health threat and failed to warn of the danger; and (2) assumed the duty to warn of the existence of a danger. The plaintiffs also claim that: (3) the trial court erred in failing to grant the plaintiffs leave to amend the petition to cure the exception of no cause of action, including an amendment that there exists a breach of a duty owed by contract or a stipulation pour autrui.
In the first two assignments of error, the plaintiffs argue that sufficient facts *912 were pled to support a cause of action against Rimkus, specifically, that Rimkus had a legal duty to warn the plaintiffs of the danger. The plaintiffs contend that Rimkus knew or should have known that the plaintiffs were relying on the inspections to determine whether or not an environmental hazard existed in their home. As such, the plaintiffs submit that Rimkus assumed a duty to protect the plaintiffs and, whether Rimkus is considered a contractor or subcontractor, liability arose from the breach of that duty. Dartlone v. Louisiana Power & Light Co., 33,597 (La. App. 2 Cir. 6/21/00), 763 So.2d 779; Johnson v. Alexander, 419 So.2d 451 (La.1982).
As their third assignment of error, the plaintiffs maintain that the trial court erred by not allowing the petition to be amended in order to state a cause of action based on a stipulation pour autrui. It is argued that discovery against Rimkus has not been completed. Specifically, the plaintiffs state that they have not yet received a copy of the contract that existed between Rimkus and State Farm, and suggest that it is reasonable to aver that the contract provides protection to the plaintiffs as a third-party beneficiary of the contract.
In opposition, Rimkus submits that the trial court properly ruled that Rimkus did not owe a duty to the plaintiffs. Rimkus maintains that the trial court properly ruled that the plaintiffs were not thirdparty beneficiaries of the contract between State Farm and Rimkus, citing Rivnor Properties v. Herbert O'Donnell, Inc., 92-1103 (La.App. 5 Cir. 1/12/94), 633 So.2d 735.
Rimkus further contends that the trial court properly ruled that the grounds for objection, namely the legal relationship between the parties and the corresponding lack of duty owed by Rimkus to the plaintiffs, could not be removed by allowing the plaintiffs the opportunity to allege more facts. Particularly, Rimkus argues that the plaintiffs have given no indication as to how their petition could be amended to assert a legal duty.

Exception of No Cause of Action
The exception of no cause of action tests the legal sufficiency of the petition, and the court must determine whether the law affords a remedy for the particular harm alleged. MD Care, Inc. v. Angelo, 95-2361 (La.App. 4 Cir. 3/20/96), 672 So.2d 969, 970. Well-pleaded facts are accepted as true. Lewis v. Aluminum Co. of America, 588 So.2d 167, 169 (La.App. 4 Cir.1991). The petition must set forth the ultimate facts upon which a cause of action is based, and conclusions of law or fact are not considered. Butler v. Reeder, 93-764 (La.App. 5 Cir. 3/16/94), 635 So.2d 1206, 1207. No evidence may be admitted to support or controvert the exception. La. C.C.P. art. 931.
After a thorough review of the record, we agree with the trial court that the petition does not state a cause of action against Rimkus. In particular, we find that the petition fails to identify a legal duty owed by Rimkus to the plaintiffs.
The Louisiana Civil Code provides that a contracting party may stipulate a benefit for a third person not a party to the contract. La. C.C. art. 1978. Under Louisiana law, such a contract for the benefit of a third-party is referred to as a stipulation pour autrui and gives the third party beneficiary the right to demand performance from the promisor. Whitney Nat. Bank v. Howard Weil Financial Corp., 93-1568 (La.App. 4 Cir.1/27/94), 631 So.2d 1308, 1310. A stipulation pour autrui is never presumed. Rather, the intent of the contracting parties to stipulate a benefit in favor of a *913 third-party must be made manifestly clear. Homer Nat. Bank v. Tri-District Development Corp., 534 So.2d 154, 156 (La.App. 3 Cir.1988).
Finally, to establish a stipulation pour autrui, the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract. Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 96-1295 (La.App. 4 Cir. 3/19/97), 692 So.2d 1203, 1205-06. The party demanding performance of an obligation pursuant to a stipulation pour autrui bears the burden of proving the existence of this obligation. La. C.C. arts. 1831.
In the present case, the defendants argue that a duty arose out of the unique relationship that existed between Rimkus and the plaintiffs due to the fact that Rimkus performed an inspection on the plaintiffs' home. We do not find, however, that the existence of this relationship created a legal obligation or legal relationship as required to support a stipulation pour autrui.
Having concluded that the plaintiffs were not the beneficiaries of a stipulation pour autrui, we next consider the plaintiffs' alternative contention that they have a claim for negligence against Rimkus. We find this argument equally without merit. Again, we agree with the trial court that under the facts of the present case, Rimkus owed no duty to the plaintiffs. The fact that Rimkus discovered the presence of mold in the plaintiffs' home, and did not report it directly to the plaintiffs, does not give rise to a claim for negligence. Rimkus was under no legal duty to warn the plaintiffs of its findings. In contrast to the cases cited by the plaintiffs, Rimkus did not contribute to or cause the damage to the property.
Finally, we conclude that the trial court did not err in refusing to grant the plaintiffs the opportunity to amend their petition. La. C.C.P. art. 934 provides that a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4 Cir.1992).
The right to amend is not absolute. Amendment is not permitted when it would constitute a vain and useless act., Id., citing Whitney Nat. Bank v. Jeffers, 573 So.2d 1262, 1265 (La.App. 4 Cir.1991).
The trial court recognized that this case involves a purely legal conclusion, one that a factual amendment could not cure. We agree. We see no amendment that can be made, that would not constitute a vain and useless act.
For the foregoing reasons, we affirm the decision of the trial court granting the exception of no cause of action in favor of Rimkus.
AFFIRMED.
NOTES
[1] State Farm entered into a settlement agreement with the plaintiffs prior to this appeal.