966 So.2d 87 (2007)
Hamid MASSIHA
v.
Franklin BEAHM, Lammico, and ABC.
No. 2007-CA-0137.
Court of Appeal of Louisiana, Fourth Circuit.
August 15, 2007.
*88 John J. Jackson, III, Metairie, LA, for Plaintiff/Appellant.
Herbert J. Mang, Jr., Tara S. Bourgeois, Eric E. Helm, Mang Bourgeois, Llp, Baton Rouge, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, and Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
The plaintiff/appellant, Hamid Massiha, M.D., appeals the summary judgment granted by the trial court to the defendant/appellee, Louisiana Medical Mutual Insurance Company ("LAMMICO"). After reviewing the record and applicable law, we affirm the trial court's judgment.
Dr. Massiha performed breast augmentation surgery on Janice Turner, who later was diagnosed with breast cancer. On 2 June 1988, Ms. Turner filed a medical malpractice complaint with the Patients' Compensation Fund Oversight Board ("PCF"), requesting review of her claim against Dr. Massiha for his alleged failure to timely diagnose her breast cancer. LAMMICO, Dr. Massiha's medical malpractice insurer, assigned Franklin Beahm, Esq., to represent him. On 17 July 1989, the medical review panel found that Dr. Massiha's failure to diagnose Ms. Turner's breast cancer was a deviation from the applicable standard of care.
Ms. Turner filed suit against Dr. Massiha and his insurer. On 5 June 1992, a jury found that Dr. Massiha's treatment of Ms. Turner fell below the applicable standard of care. Soon thereafter, present counsel was retained by Dr. Massiha as additional counsel to overturn the unfavorable jury verdict. Motions for new trial and for judgment notwithstanding the verdict were filed on Dr. Massiha's behalf and denied by the trial court. Dr. Massiha subsequently asked LAMMICO to replace Mr. Beahm, which request was granted by LAMMICO; Mr. Beahm was notified of Dr. Massiha's request on 18 October 1993. A suspensive appeal was filed with the Louisiana Fifth Circuit Court of Appeal; the court upheld the verdict against Dr. Massiha.[1]
On 13 June 1995, Dr. Massiha filed the instant legal malpractice action against Mr. Beahm and LAMMICO. On 8 September 2000, Mr. Beahm filed exceptions of prescription and peremption, and a motion to dismiss on the grounds of peremption, which were sustained by the trial court on 17 November 2000. The claim against Mr. Beahm was dismissed with prejudice pursuant to La. R.S. 9:5605.[2]
LAMMICO subsequently filed an exception of peremption/prescription arguing *89 that Dr. Massiha's action against it should be dismissed with prejudice pursuant to La. R.S. 9:5606.[3] In the alternative, LAMMICO argued that the one-year prescriptive period applicable to delictual actions, see La. C.C. art. 3492, be applied. On 27 October 2006, the trial court sustained the exception of prescription based on article 3492 and dismissed LAMMICO with prejudice. The instant appeal followed.
The sole issue on appeal is whether the trial court should have permitted Dr. Massiha the opportunity to amend his petition to assert a contractual cause of action against LAMMICO. Dr. Massiha contends that the trial court's failure to do so was error on its face. If allowed, Dr. Massiha claims he would have stated more clearly that his action against LAMMICO sounded in contract, which would have removed it from the dictates of La. R.S. 9:5606.[4] In addition, Dr. Massiha maintains that the statute does not apply because LAMMICO is not an insurance agent. We agree that La. R.S. 9:5606 does not apply to LAMMICO because it is not an insurance "agent, broker, solicitor, or other similar licensee. . . ." La. R.S. 9:5606.
Article 934 of the Louisiana Code of Civil Procedure provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
While article 934 permits a plaintiff to amend the petition to remove the objection, the decision to permit an amendment is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion. Gates v. Hanover Insurance Co., 218 So.2d 648, 652-53 (La. App. 4 Cir.1969). Where a plaintiff may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action, he/she should be afforded an opportunity to amend the petition. Evans v. Detweiler, 466 So.2d 800, 803 (La.App. 4 Cir.1985). Amendment, however, is not permitted when it would constitute a vain and useless act. Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4 Cir.1992); Kosak v. Trestman, 03-1056 (La.App. 4 Cir. 12/3/03), 864 So.2d 214.
In Nielson v. Jefferson Parish Sheriff's Office, 242 So.2d 91, 93-94 (La.App. 4th Cir.1970), this court stated:
The same matter was passed on in Gates v. Hanover Insurance Company, supra, wherein the court in rejecting the demand stated:

*90 `We can conceive of no amendment by which their alleged cause of action against the sheriff, based on his vicarious liability as the superior officer of Deputy Mackles acting in the discharge of official duties, can be removed under our jurisprudence. In fact they do not propose to so amend but rather they propose, if allowed to do so, to change completely their basis of suit and now allege a different cause of action. They propose to allege a cause of action against the sheriff not based on his vicarious liability for the tortious acts of his deputy, but grounded on his primary liability as a tort feasor personally. This would not be an amplification or clarification of the allegations of the original petition, but a change of substance; the allegation of a different cause of action. This is not the kind of amendment contemplated by the article.'
Therefore we are of the opinion that the trial court was correct in maintaining the exception of no cause of action and dismissing plaintiff's suit without leave to amend. [Emphasis added.]
In Reno v. Perkins Engines, Inc., 98-1686 (La.App. 1 Cir. 9/24/99), 754 So.2d 1032, writ denied 99-3058 (La.1/7/00), 752 So.2d 863, the plaintiff brought a redhibition action after purchasing allegedly defective screw turbo engines manufactured by the defendant. The trial court sustained the defendant's exceptions of prescription, but denied the plaintiff's request to amend his petition to set forth a cause of action for breach of contract. On appeal, the First Circuit stated:
And in Malin [v. Andrus Homes, 610 So.2d 223 (La.App. 3 Cir.1992)], when the plaintiff attempted to amend her redhibition action to add a claim for breach of contract and thus defeat prescription, the court stated: "Under its clear wording, La. C.C.P. art. 934 does not contemplate allowing an amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception." [Id. at 225.] We agree with the second [see Riddle v. Simmons, 626 So.2d 811 (La.App. 2 Cir. 1993), writ denied, 93-2920 (La.4/29/94), 637 So.2d 459] and third circuits and find that the trial court herein did not err in ignoring the breach-of-contract claim asserted in the third supplemental and amended petition and denying plaintiff's motion for new trial.
Id. at p. 5, 754 So.2d at 1035-36.
In the instant case, Dr. Massiha alleges in his petition that:
IX.
LAMICO [sic] contributed to Dr. Massiha's injuries because said company denied Dr. Massiha's request that another attorney represent him even though Dr. Massiha found that Defendant [Mr. Beahm] was callous and did not seem to care about the case.
X.
As a result of the negligence of the parties involved, Plaintiff has suffered monetary damages as a well as damage to his reputation and professional image.
The petition contains no reference to a contractual cause of action against LAMMICO. In addition, Dr. Massiha has not introduced any evidence into the record to demonstrate that he has a contractual right to request a change of counsel appointed by LAMMICO to defend him from medical malpractice claims. He argues that he should have been allowed to amend his petition to "clarify that the suit against the insurer was for breach of its contractual *91 obligation to provide plaintiff with a competent defense." We find, however, that the petition contains nothing to clarify and thus, we find that amending the petition would be a vain and useless act.
In light of the jurisprudence of this circuit, as well as the first, second, and third circuits, we find that the trial court did not abuse its discretion or commit reversible error when it granted LAMMICO's exception of prescription and dismissed Dr. Massiha's lawsuit with prejudice. Consequently, we affirm the judgment of the trial court.[5]
AFFIRMED.
MURRAY, J., Concurs in the Result.
NOTES
[1] See Turner v. Massiah [sic], 94-29 (La.App. 5 Cir. 7/1/94), 641 So.2d 610, affirmed in part and reversed in part, 94-2548 (La.6/16/95), 656 So.2d 636.
[2] La. R.S. 9:5605 states in pertinent part:

A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
[3] La. R.S. 9:5606 states in pertinent part:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
[4] Having read Dr. Massiha's petition we find that the only cause of action asserted against LAMMICO sounds in tort.
[5] LAMMICO has answered the appeal and has set forth two assignments of error in the event this court reverses the trial court's judgment. Because we are affirming the lower court's decision, we pretermit discussion of LAMMICO's assigned errors.