DAVID S. GORBATY, Judge.
 

 Iiln this appeal, plaintiffs contend that the trial court erred in granting defendants’ exceptions of no right of action and lack of subject matter jurisdiction. For the reasons set forth below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On October 14, 2008, Archbishop Alfred C. Hughes signed a canonical decree “suppressing” Our Lady of Good Counsel church parish, effective October 17, 2008. On October 20, 2008, plaintiffs filed a petition for injunctive relief, including a temporary restraining order, seeking to prevent the closure, or “suppression,” of Our Lady of Good Counsel parish. The trial court denied the temporary restraining order. Subsequently, on October 28, 2008, the trial court granted Defendants’ exceptions of no right of action and lack of subject matter jurisdiction, and denied plaintiffs’ request for a preliminary injunction on the same issue. The trial court also denied plaintiffs’ request to amend their petition to add a claim for fraud and a claim that they are third party beneficiaries of the corporate charter. Plaintiffs subsequently filed this appeal.
 

 ^DISCUSSION
 

 Plaintiffs argue that the trial court erred in granting the exception of no right of action. The congregants are members of the non-profit entity known as The Congregation of Our Lady of Good Counsel Roman Catholic Church. The Articles of Incorporation state that The Congregation of Our Lady of Good Counsel was established for the benefit of its members — that is, those belonging to the corporation, plaintiffs argue. The Articles describe the Archbishop, the Vicar General, and the Pastor as members of the Congregation of Our Lady of Good Counsel Roman Catholic Church because they would not otherwise be members. Article 3 does not define or list the members of the corporation or limit the Congregation’s membership to the Archbishop, the Pastor, and the Vicar General, according to plaintiffs.
 

 Peremptory exceptions raising the objection of no right of action are reviewed
 
 de novo
 
 on appeal as they involve questions of law.
 
 Turner v. Law Firm of Wolff & Wolff,
 
 07-1589, p. 2 (La.App. 4 Cir. 6/4/08), 986 So.2d 889, 891.
 

 
 *1187
 
 Under La. R.S. 12:208, only members of a corporation may bring an action to challenge an act of the corporation:
 

 (A) Invalidity of an act of a corporation, or conveyance or transfer of movable or immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or to make or receive such conveyance or transfer may be asserted only:
 

 (1) In an action by a member of the corporation to set aside such act ...
 

 (2) In an action by a member against the corporation to enjoin the performance of any act or transfer of movable or immovable property ...
 

 Article 3 of the Articles of Incorporation contains the only reference to the identity of the members of the corporation. It provides, in pertinent part:
 

 | sThe Most Reverend Archbishop, the Vicar General, and the Pastor of said Congregation shall be and remain members of this corporation and members of the board of directors thereof ...
 

 No other definition of the identity of the members of the corporation appears anywhere else in the document.
 

 Plaintiffs assert that they are members of the corporation “named for the people.” Plaintiffs also urge that the opening paragraph of the Articles describing two laymen, Louis Pfíster and John Dwyer, as “members of said Congregation” designates that they are members of the corporation.
 

 The words of a contract must be given their generally prevailing meaning. La. C.C. art.2047. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046.
 

 Neither the name of the corporation, nor the label plaintiffs give themselves as “members of the congregation” is of any consequence here. The fact that the name of the Corporation contains the word “Congregation” does not serve to override the clear intent of the Articles of Incorporation as set forth in Article 3. In Article 3, the Archbishop, Vicar General and Pastor of the Congregation are clearly named as members of the corporation and members of the board of directors. Pfister and Dwyer are named as members of the board of directors, but are not named as members of the corporation. Plaintiffs’ reading of Article 3 would lead to an absurd result, and contradicts the clear language of the document.
 

 Further, plaintiffs’ argument that the Archbishop, the Vicar General, and the Pastor are only named members of the corporation because they would not otherwise be members of the corporation is mere speculation and supposition, with no evidence introduced in support of it. It is clear that only the Archbishop, the 14Vicar General, and the Pastor were named “members of the corporation” in Article 3. No further interpretation is required or allowed by law.
 

 Plaintiffs’ argument that Article 2 of the Articles of Incorporation establishes that congregants, or parishioners, are members of the corporation is flawed. Article 2 states that the purpose of the corporation is to “hold and administer property for religious purposes, in that the same may be devoted to religious services for the benefit of those who attend the Roman Catholic Church, belonging to this corporation.” The quoted language does not provide that those people who attend the Roman Catholic Church belong to the corporation. Rather, the Roman Catholic Church attended by the parishioners belongs to the corporation. Furthermore, Article 2 does not abrogate the clear language contained in Article 3 naming the members of the corporation.
 

 
 *1188
 
 Plaintiffs ui’ge that members of a corporation do not have to be iSentified in the Articles of Incorporation; they can be admitted to the corporation at a subsequent date. However, here, Article 3 states who the members are, and there have been no subsequent amendments to the Articles to include any other members. The affidavit of Barbara Fortier, one of the plaintiffs, attesting that a membership register of the members of the “Congregation” is kept does not establish that these people are members of the corporation. The church registry does not amount to an amendment to the Articles of Incorporation. The fact that plaintiffs are parishioners of a church parish and are registered as such does not elevate them to the position of a corporate member, when they are not identified as such in the Articles of Incorporation.
 

 Making contributions to the Church also does not make plaintiffs members of the corporation. The caselaw cited by plaintiffs is distinguishable. In
 
 Palermo,
 
 1 ¡¡plaintiffs paid a membership fee and annual dues that were provided for in the bylaws of the corporation.
 
 Palermo v. Old Tram Hunting Club,
 
 227 So.2d 644 (La.App. 3 Cir.1969). In the case at bar, the Articles of Incorporation do not provide, explicitly or otherwise, that parishioners who make contributions to the Church are members of the corporation.
 

 The clear and unambiguous language of the Articles of Incorporation identifies only three members of the corporation: the Archbishop, the Vicar General, and the Pastor. The trial court correctly recognized that the plaintiffs are not members of the corporation, and therefore have no right of action. The plaintiffs’ assignment of error is without merit.
 

 Plaintiffs assert that the trial court erred in denying their request to amend their petition to add a claim for fraud and a claim that they are third party beneficiaries of the corporate charter. The decision to allow a plaintiff to amend under La. C.C.P. art. 934 is within the discretion of the trial court, and will not be disturbed absent manifest error.
 
 Massiha v. Beahm, LAMMICO, and ABC,
 
 2007-0137 (La.App. 4 Cir. 8/15/07), 966 So.2d 87. La. C.C.P. art. 934 does not permit amendments to a petition that change the substance of the original claims.
 
 Id.
 

 Plaintiffs originally filed a derivative action. No reference was made in the petition to any cause of action arising out of fraud. Further, plaintiffs now seek damages instead of injunctive relief, which was sought in the initial petition. Additionally, plaintiffs did not allege that they were third party beneficiaries of the corporate charter in their original petition. Plaintiffs’ proposed amendments do not amplify or clarify their original claim; they change its substance. As such, we find that the trial court did not abuse its discretion in denying plaintiffs the right to amend.
 

 |[Jn light of these rulings, plaintiffs’ remaining assignment of error is moot, and we need not address it.
 

 CONCLUSION
 

 Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.