TERRI F. LOVE, Judge.
|! This appeal arises from the sale of land to the plaintiff, who later discovered that the land was allegedly contaminated with radioactive material. The plaintiff sought relief against the former landowners and the oil and trucking companies allegedly responsible for the contamination. The trial court granted the oil and trucking companies’ exceptions of no right of action. We find that the trial court did not err, as the plaintiff has no right of action against the oil and trucking companies and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 22, 1988, Eagle Pipe and Supply, Inc. (“Eagle”) purchased property in Lafayette Parish, Louisiana from Robert Bridges, Patsy Tremble Bridges, and Edmund J. Baudoin, Jr. Union Pipe[1] allegedly leased the land from 1981 to 1988, and operated an industrial pipeyard “that bought, stored, and sold used oilfield tubing.” Following an alleged field interview performed by the Louisiana Department of Environmental Quality (“LDEQ”), Eagle allegedly discovered that the land was contaminated with Technologically Enhanced Naturally Occurring Radioactive Materials (“TENORM”). The LDEQ found | ..Eagle in violation of TENORM exposure regulations and allegedly ordered remediation.[2]
After the alleged LDEQ actions, Eagle filed a petition for damages against four groups of defendants. First, Eagle sued a group of oil company defendants that it claims “either sold or tendered to Union Pipe used oil field equipment for cleaning or maintenance, which at all pertinent times contained hazardous, toxic, and carcinogenic radioactive materials.”[3] Second, Eagle alleged that the previous landowners, Mr. and Mrs. Bridges and Mr. Bau-doin, “leased the property to Union Pipe, a pipe cleaning facility, which operated on the property” and that “[f]rom 1981 to 1988, Union Pipe bought, cleaned, inspected, handled, and stored a large number of pipe.” Third, Eagle avers that the transporter defendants transported TENORM contaminated pipe to the property and *432 “conspired with all other defendants to commit acts that caused petitioner’s damages.”[4] Finally, Eagle sued ABC Insurance Company, Inc. as an alleged insurer liable for Eagle’s damages.
Several defendants filed declinatory, dilatory, and peremptory exceptions. The trial court ruled on the exceptions following a hearing. However, the trial court’s rulings granting the exception of no right of action,[5] dismissing Eagle’s claims with prejudice, and denying motions based on forum non conveniens[6] are the subject matter of the case sub judice. Eagle filed a motion for a new trial, | aseeking, in part, to amend its petition, which the trial court denied. Eagle’s devolutive appeal of the judgment followed. Nine defendants answered Eagle’s appeal to preserve their appellate rights of the trial court’s denial of forum non conveniens if this Court reversed the exceptions of no right of action.[7] Acme also filed exceptions of no right of action and no cause of action with this Court for the claims Eagle seeks to add by amending its petition.

EXCEPTION OF NO RIGHT OF ACTION

The exception of no right of action is peremptory. La. C.C.P. art. 927. The exception presents a question of law, which requires a de novo review by appellate courts. Hornot v. Cardenas, 06-1341, p. 12 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 798.
“The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition.” Badeaux v. Sw. Computer Bureau, Inc., 05-0612, p. 6 (La.3/17/06), 929 So.2d 1211, 1217. The exception also “serves to question whether the plaintiff in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation.” Id., 05-0612, pp. 6-7, 929 So.2d at 1217. “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” La. C.C.P. art. 681. Thus, the question is whether the plaintiff has a right to sue the defendant. Id., 05-0612, p. 6, 929 So.2d at 1217.
The exceptor bears the burden of proof. Carter v. Haygood, 04-0646, p. 8 (La.1/19/05), 892 So.2d 1261, 1267. “[Evidence is admissible on the trial of an JL¡exception of no right of action to ‘support or controvert any of the objections pleaded, when the grounds therefor do not appear from the petition.’ ” Indus. Co., Inc. v. Durbin, 02-0665, p. 12 (La.1/28/03), 837 So.2d 1207, 1216, quoting La. C.C.P. art. 931.
*433 Eagle contends that the trial court’s judgment was contrary to the law due to an incorrect interpretation of the Louisiana Civil Code and Prados v. S. Cent. Bell Tel. Co., 329 So.2d 744 (La.1976), and that it was a third party beneficiary to the alleged contracts between the oil company defendants and Union Pipe. Eagle also contends that its motion for new trial should have been granted because it was not given an opportunity to amend the petition, pursuant to La. C.C.P. art. 934.

ALLEGED TORTIOUS LIABILITY

Eagle avers that the trial court erroneously permitted the defendants to profit by “hiding” their alleged tortious actions. Citing La. C.C. art. 2815, Eagle complains that it is a “damaged” party, but that a cause of action based on its damages did not accrue until the LDEQ allegedly notified Eagle of the alleged contamination. Eagle alleges that it paid fair market value for the land and should be able to sue the defendants because it was allegedly unaware of the alleged TENORM contamination. Therefore, Eagle contends that it is the proper party to file suit, as the former land owners allegedly suffered no damage.
“[A] buyer is presumed to know the overt condition of the property and to take that condition into account in agreeing to the sales price.” Prados v. S. Cent. Bell Tel. Co., 329 So.2d 744, 751 (La.1976). “The general Louisiana rule is that a purchaser cannot recover from a third party for property damage inflicted prior to the sale.” St. Jude Med. Office Bldg. Ltd. P’ship v. City Glass and Mirror, Inc., 619 So.2d 529, 530 (La.1993).
| ^Damages to the owner of the land occurring prior to the sale of land are personal to the owner and are not recoverable by the new owner without an express sub-rogation. Bradford v. Same, 16 So. 487, 488 (La.1894). “[T]he landowner at the time of the alleged damages is the person with the real and actual interest to assert the claim for damages to the land.” Dorvin Land Co. v. Parish of Jefferson, 469 So.2d 1011, 1013 (La.App. 5th Cir.1985). This personal right “is not transferred by a mere transfer of the title to the land,” but “a specific assignment of the right.” Id. “Thus, a claim for damages, whether it arises under a predial lease or a mineral lease, is a personal right which must be specifically assigned to run with the property.” LeJeune Bros., Inc. v. Goodrich Petroleum Co., 06-1557, p. 13 (La.App. 3 Cir. 11/28/07), 981 So.2d 23, 32.
Eagle contends that the sale included a “full subrogation” to all of the rights of the previous property owners because the act of sale included the following language:
for the consideration hereinafter mentioned they do by these presents sell, transfer and deliver, with full guarantee of title and free from all encumbrances, and with subrogation to all their rights and action of warranty against previous owners.
However, this is the same language the Louisiana Supreme Court examined and held was not a valid assignment in Prados. 329 So.2d at 749-50. The subrogation clause does not mention the assignment of alleged rights the previous landowners possessed pursuant to the alleged expired leases or an assignment of rights as to seeking damages for any alleged previous damage to the property. Therefore, we do not find that the clause constitutes an express assignment of the previous landowners’ personal right to seek damages for the alleged contamination of the property. Neither Prados nor Lejeune created an assignment | fiof rights exception for allegedly unknown damages and Eagle failed to cite a jurisprudential basis for its proposed hidden tort exception.
*434 Eagle asserts that Hopewell, Inc. v. Mobil Oil Co., 00-8280 (La.2/9/01), 784 So.2d 658, provides a right of action against the defendants. However, Hopewell did not change the established law. Hopewell simply stated that Prados involved “rights arising under a lease and” was “distinguishable from the instant facts.” Id. The Louisiana Supreme Court reversed and remanded the matter. Id. There are no subsequent state court decisions asserting that the Hopewell reversal changed the substance of Louisiana law. Eagle also stated that “it is clear that under Hopewell, a defendant should not be allowed to profit from its tortious behavior simply because it hid its actions well.” However, this statement is not contained in Hopewell. Thus, we find no merit in Eagle’s assertion.
Finally, Eagle suggests that an exception to Louisiana’s general rule should apply because it was allegedly unaware of the alleged TENORM contamination. Eagle alleges that an exception “arises when the entry or taking of the land is in the nature of a trespass.” McCutchen v. Texas & P. Ry. Co., 118 La. 436, 43 So. 42, 43 (1907). McCutchen concerns an owner who acquiesced in the alleged actions of trespass. Id. We do not find that the alleged exception applies to the record; therefore, the argument lacks merit.

THIRD-PARTY BENEFICIARY

Eagle asserts that it possesses “an independent cause of action for recovery under a contract.” Further, Eagle contends that the oil company defendants “were contractually obligated to inform Union Pipe of any known health hazards that could have resulted from pipeyard cleaning.” Thus, Eagle avers that it was a third-party beneficiary to the contracts allegedly signed by the oil company defendants |7and Union Pipe.
“A contracting party may stipulate a benefit for a third person called a third party beneficiary.” La. C.C. art. 1978. “The stipulation gives the third party beneficiary the right to demand performance from the promisor.” La. C.C. art. 1981. “A stipulation pour autrui is never presumed.” Smith v. State Farm Ins. Co., 03-1580, pp. 4-5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 912-13. “[T]he intent of the contracting parties to stipulate a benefit in favor of a third-party must be made manifestly clear.” Id., 03-1580, p. 5, 869 So.2d at 912-13. Additionally, the alleged benefit cannot be “merely incidental to the contract.” Id., 03-1580, p. 5, 869 So.2d at 913. The party asserting the benefit “bears the burden of proving the existence of this obligation.” Id.
The only alleged evidence of a stipulation pour autri is the allegations contained in Eagle’s petition. Eagle did not identify a contract or contracts to which it asserts establish its alleged third-party beneficiary status.[8] Furthermore, the allegations contained in the petition regarding alleged breaches of duty like informing Union Pipe of “any known health hazards that could have resulted from pipeyard cleaning” are alleged benefits incidental to the alleged contracts. Even if the alleged contracts contained clauses requiring the oil company defendants to repair the land, the right of action would have inured to the previous landowners and these alleged rights were not assigned to Eagle. Finally, a stipulation pour autri cannot be presumed. Therefore, we find this argument lacks merit, as Eagle has not shown it is a third-party beneficiary.

*435
LA. C.C.P. ART. 934

Eagle avers that the trial court erred in denying its motion for new trial |8because it should have been granted leave to amend its petition pursuant to La. C.C.P. art. 934. The trial court is vested with great discretion to determine whether a new trial should be granted. Martin v. Heritage Manor S. Nursing Home, 00-1023, p. (La.4/03/01), 784 So.2d 627, 632.
The Louisiana Code of Civil Procedure states that:
[wjhen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by . the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
La. C.C.P. art. 934. The adverse party must “be given an opportunity to amend where there is a conceivable possibility that a cause of action may be stated.” Alexander and Alexander, Inc. v. State, Div. of Admin., 486 So.2d 95, 100 (La.1986). “However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act.” Id.
“[T]he decision to permit an amendment is within the sound discretion of the trial court and, therefore, will not be disturbed absent a showing of manifest error or abuse of discretion.” Massiha v. Beahm, 07-0137, p. 4 (La.App. 4 Cir. 8/15/07), 966 So.2d 87, 89. Amendments to a petition that change the substance of the original claims are not permitted. Fortier v. Hughes, S.T.D., 09-0180, p. 5 (La.App. 4 Cir. 6/17/09), 15 So.3d 1185, 1188. Where the plaintiff sought to amend adding other causes of action, the trial court did not abuse its discretion by denying the plaintiff leave to amend. Massiha, 07-0137, pp. 6-7, 966 So.2d at 90-91. A party is not permitted “to go on a fishing expedition in the mere hope that he might |afind something of substance to overcome the objection raised by the peremptory exception.” Gates v. Hanover Ins. Co., 218 So.2d 648, 653 (La.App. 4th Cir.1969). “Therefore, in the absence of a showing of manifest error or an abuse of discretion in finding that the grounds ‘cannot’ be removed by amendment, the court’s judgment should not be disturbed.” Id., 218 So.2d at 652.
Eagle asserts that it has a claim for damages arising from trespass, a claim for unjust enrichment, and claims pursuant to the Louisiana Environmental Quality Act. These represent new causes of action instead of curative amendments. La. C.C.P. art. 934 is intended to cure allegations and causes of action asserted in the original petition. Furthermore, Eagle specifically stated in its petition that: “[pjetitioner makes no claim herein under the Conservation Act; Louisiana Revised Statute 30:1, et seq.; or the Louisiana Environmental Quality Act, Louisiana Revised Statute 30:2001 et seq.” There are no facts to cure the causes of action alleged in the petition because the causes of action pertain to alleged damages to the land prior to Eagle’s ownership and Eagle lacks an assignment of rights. Therefore, we find that the trial court did not abuse its vast discretion in denying Eagle’s motion for new trial, which sought leave to amend.

ACME’S EXCEPTIONS WITH THIS COURT

Because we find that the trial court did not abuse its discretion by denying Eagle leave to amend its petition pursuant to La. C.C.P. art. 934, Acme’s exceptions raised with this Court are moot.

*436
DECREE

For the above mentioned reasons, we find that the trial court did not err and affirm.
AFFIRMED.
BONIN, J., Dissents with Reasons.

. Union Pipe is allegedly no longer a viable entity.

. Neither the alleged remediation order, nor remediation plan issued by the LDEQ are included in the record.

. The oil company defendants included: Hess Corporation (formerly known as Amerada Hess Corporation) ("Hess”); Chevron, U.S.A., Inc. ("Chevron”); Texaco, Inc. ("Texaco”); Exxon Mobil Corporation ("Exxon”); Kerr-McGee Chemical Worldwide, L.L.C. ("Kerr McGee”); OXY USA, Inc. ("OXY”); Shell Offshore, Inc. ("Shell Offshore”); Shell Oil Company ("Shell Oil”); SWEPI, LP ("SWEPI”); Stone Oil Company of Baton Rouge; and Berry Petroleum Company (“Berry”).

. The transporter defendants included: Intra-coastal Tubular Services, Inc. ("Intracoas-tal”); Walker Trucking, Inc.; Patterson Truck Line, Inc. ("Patterson”); Packard Truck Lines, Inc. ("Packard”); Acme Truck Lines, Inc. ("Acme”); Ace Transportation, LLC ("Ace”); Dynasty Transportation, LLC ("Dynasty”); Venture Transport Logistics, L.L.C. ("Venture”); and Venture Transport Logistics Holdings, L.L.C. ("Holdings”).

. Exceptions of no right of action were filed by Exxon, Chevron, Shell Oil, Shell Offshore, SWEPI, Kerr-McGee, Hess, OXY, Berry, Patterson, Ace, Dynasty, Venture, Holdings, Acme, Intracoastal, and Packard. Placid Oil Company also filed an exception of no right of action, but the trial court did not include it in the judgment. OXY was the successor in interest to Placid Oil Company.

. Motions based on forum non conveniens were filed by Exxon, Shell Oil, Shell Offshore, SWEPI, Kerr-McGee, Hess, Chevron, Patterson, and Berry.

. The defendants that answered the appeal were Shell Oil, Shell Offshore, SWEPI, Berry, Chevron, Hess, Patterson, Exxon, and OXY.

. Eagle’s petition contained quotations allegedly from contracts by Exxon and Texaco. However, the quotations fail to establish a stipulation pour autri.