| | | |
|---|---|---|
| **GWENDOLYN M. HANHART** | * | **NO. 2024-C-0479** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **LOUISIANA CVS PHARMACY** | * | |
| **LLC; CVS PHARMACY INC.;** | | **FOURTH CIRCUIT** |
| **CVS HEALTH SOLUTIONS** | * | |
| **LLC** | | **STATE OF LOUISIANA** |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
FIRST CITY COURT OF NEW ORLEANS
NO. 2024-01724, SECTION "A"
Honorable Monique G. Morial, Judge
* * * * * *
**Judge Karen K. Herman**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge Karen K. Herman)

**JENKINS, J., CONCURS IN PART AND DISSENTS IN PART**

Karen M. Fontana Young
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, Louisiana 70112

Jason R. Cashio
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, Louisiana 70802

      COUNSEL FOR DEFENDANTS/RESPONDENTS

Gwendolyn M. Hanhart
Attorney at Law, *Pro Se*
5021 Constance Street
New Orleans, Louisiana 70115

                **WRIT GRANTED; REVERSED AND RENDERED**
                        **SEPTEMBER 20, 2024**

KKH
PAB
TGC
DNA

Defendants, Louisiana CVS Pharmacy LLC, CVS Pharmacy, Inc., and CVS Health Solutions LLC (collectively "CVS") seek supervisory review of the trial court's July 22, 2024 judgment denying their exception of no cause of action as to the claim for intentional infliction of emotional distress ("IIED") alleged by plaintiff, Gwendolyn M. Hanhart ("Ms. Hanhart").[1]  For the reasons set forth below, we grant the writ application and reverse.

**FACTS AND PROCEDURAL HISTORY**

On March 5, 2021, Ms. Hanhart filed a petition for damages alleging that the actions of CVS personnel, stemming from Ms. Hanhart's inability to obtain her prescribed medication in a timely manner, caused her to suffer extreme emotional distress, accompanied by actual physical suffering.

Ms. Hanhart is prescribed Mounjaro to treat Type 2 diabetes, which she takes once per week, via an injection on Sundays.  Ms. Hanhart acknowledged in her petition that the medication was not kept in stock, but needed to be ordered. She received a text on October 8, 2023, from CVS, advising that her prescription

_____

[1] The exception of no cause of action was sustained as to Ms. Hanhart's claims for breach of contract and Unfair Trade Practices.

1

for Mounjaro 5.0 mg had been filled, but that her primary care physician had electronically transmitted her new prescription, changing the dosage to 7.5 mg. On October 8, 2023, Ms. Hanhart contacted her CVS pharmacy via telephone regarding the dosage discrepancy and she was advised by the pharmacist that he would cancel the refill for the 5.0 mg. dosage, and fill the new dosage. She was told that the medication was not in-stock, but would be ordered.

On Saturday, October 14, 2023, Ms. Hanhart called the pharmacy numerous times to determine the status of the prescription, but was left on hold and was unable to reach an employee. She arrived at the pharmacy later that night to check the status of the prescription. At this time, Ms. Hanhart admitted that her own tone of voice expressed aggravation, irritation and frustration for what she had suffered. Ms. Hanhart alleged in the petition that the employee rolled her eyes at her, and "physically and audibly expressed derision to [Ms.] Hanhart." Ms. Hanhart asserted that she directed the employee "not to cop an attitude with her." At that point, the employee left the register stating that she would not assist Ms. Hanhart. Ms. Hanhart admitted that both she and the employee engaged in heated verbal barbs and that the employee made an offensive hand signal toward her. Ms. Hanhart claimed that no one else at the pharmacy assisted her, although she informed them that she needed the medication by the next day, and could experience blood sugar fluctuations without it.

Ms. Hanhart alleged that in addition to the frustration and distress she suffered at the pharmacy, she also suffered extreme anxiety and nervousness the rest of Saturday evening, worrying if she would be able to obtain the medication for her injection due the next day. On Sunday, October 15, 2023, the online status of the prescription indicated that it was on hold, which again caused her distress.

2

Ms. Hanhart checked another CVS location, but the medication was not readily available. The following day, on Monday October, 16, 2023, (after what Ms. Hanhart described as another sleepless night of worry and distress), she was able to obtain the medication from a nearby Walgreens pharmacy.

Ms. Hanhart alleged that aside from emotional distress, she suffered physical pain and suffering, including headaches, nausea, and sleeplessness. She further alleged that CVS knew or should have known of her physical and mental health conditions - based on her medication history - that Ms. Hanhart experiences mood and anxiety issues.

CVS filed an exception of no cause of action requesting a dismissal with prejudice of Ms. Hanhart's suit in its entirety. As to Ms. Hanhart's IIED claim, CVS argued that Ms. Hanhart did not pled facts to satisfy the three required elements, by establishing: (1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his or her conduct.

CVS asserted that the alleged conduct did not constitute extreme and outrageous conduct as required to maintain an IIED claim. CVS further asserted that Ms. Hanhart admitted to her role in causing a confrontation at the pharmacy, and that the pharmacy personnel declined to interact with a customer who was being aggressive. They noted that Ms. Hanhart had not pled that CVS took any action with the intention of causing severe emotional distress or that anyone at CVS knew to a reasonable certainty that any of their alleged actions would cause such distress. Finally, CVS averred that the act that allegedly caused the distress

was the failure to fill a prescription by Sunday, October 15, 2023, which Ms. Hanhart had not claimed was intentionally mishandled.

***Exception of No Cause of Action and IIED Claims***

Since CVS seeks supervisory review of the denial of their exception of no cause of action in regard to Ms. Hanhart's IIED claim, we will discuss the applicable law relating to both, exceptions of no cause of action and IIED claims.

This Court conducts a *de novo* review of a trial court's ruling on an exception of no cause of action. *Kelly v. Jackson*, 2023-0285, p. 4 (La. App. 4 Cir. 9/27/23), 373 So.3d 108, 110. The purpose of the exception and the considerations for its proper determination are as follows:

> "The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition." *Scheffler v. Adams & Reese, LLP*, 2006-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646. "When deciding an exception of no cause of action, a court considers only the petition for damages, amendments to the petition for damages and any documents attached to the petition for damages." *Lawrason v. St. Bernard Par. Pub. Sch. Dist.*, 2022-0319, p. 8 (La. App. 4 Cir. 11/9/22), 351 So.3d 814, 821, *writ denied*, 2023-00103 (La. 4/12/23), 359 So.3d 34, reconsideration not considered, 2023-00103 (La. 6/21/23), 362 So.3d 427.

> "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Ross v. State through Univ. of Louisiana Sys.*, 2022-0382, p. 8 (La. App. 4 Cir. 11/18/22), 352 So.3d 90, 94-95 (quoting *Green v. Garcia-Victor*, 2017-0695, p. 5 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453). The court must look to the four corners of the petition to determine whether the operative facts pled give rise to plaintiff's right to judicially assert the action. *See Ross*, 2022-0382, p. 9, 352 So.3d at 95; *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993). "The pertinent inquiry is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, the petition states a valid cause of action for relief." *Reynolds v. Bordelon*, 2014-2362, p. 6 (La. 6/30/15), 172 So.3d 589, 595. The mover has the burden of establishing that the petition fails to state a cause of action. *Id.*

*Kelly*, 2023-0285, pp. 4-5, 373 So.3d at 111.

It is well established that "to recover for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant's conduct was extreme and outrageous; (2) the plaintiff suffered severe emotional distress; and (3) the defendant desired to inflict severe emotional distress or knew that it would be certain or substantially certain to result from the conduct." *Cunningham v. City of New Orleans*, 2021-0532, p. 20, (La. App. 4 Cir. 3/30/22), 336 So.3d 977, 991 (citing *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 9/9/91)).

As explained in *Favret v Favret*, 2022-0820, p. 19, (La. App. 4 Cir. 7/31/23), 371 So.3d 511, 526,

> "Louisiana courts, like courts in other states, have set a very high threshold on conduct sufficient to sustain an emotional distress claim, and the Louisiana Supreme Court has noted that 'courts require truly outrageous conduct before allowing a claim ... even to be presented to a jury.' " *Sullivan v. Malta Park*, 2014-0478, pp. 9-10 (La. App. 4 Cir. 12/10/14), 156 So.3d 751, 757 (quoting *Morris v. Dillard Dep't Stores*, 277 F.3d 743, 756-57 (5th Cir. 2001). For a claim of intentional infliction of emotional distress to be successful, "[t]he nature of the conduct must be 'so outrageous in character, and so extreme in degree' that it goes 'beyond all possible bounds of decency, and [is] regarded as atrocious and utterly intolerable in a civilized community.' " *Cunningham*, 2021-0532, p. 20, 336 So. 3d at 991 (alteration in original) (quoting *White*, 585 So.2d at 1209.) " '[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities' do not result in liability for intentional infliction of emotional distress." *Id.*

An exception of no cause of action can be used to test the legal sufficiency of a plaintiff's claim for intentional infliction of emotional distress, based on the factual allegations in the petition. *See Cunningham,* 2021-0532, p. 22, 336 So.3d at 992-993 (stating that the plaintiff failed to plead specific facts to satisfy the three

elements required to support an IIED claim, noting that the petition contained conclusory statements, not specific facts to support the plaintiff's assertions; and therefore, finding that the trial court correctly granted an exception of no cause of action, regarding the plaintiff's IIED claim); and *Favret,* 2022-0820, p. 20, 371 So.3d at 527 (opining that the plaintiff's petition, nor amended petition "set forth conduct so outrageous in character and extreme in degree as to go beyond all reasonable bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society"; and accordingly, finding that the plaintiff's factual allegations "fail[ed] to reach the very high threshold on extreme and outrageous conduct sufficient to establish a claim of intentional infliction of emotional distress").

Here, Ms. Hanhart's customer service issue with CVS may well have involved conduct that was inconsiderate and discourteous. However, as our jurisprudence has recognized, "[p]ersons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. Not every verbal encounter may be converted into a tort...." *White v Monsanto* Co, 585 So.2d 1205, 1209 (La. 1991).

Moreover, Ms. Hanhart does not allege facts in the petition that would indicate that CVS desired to inflict emotional distress or that CVS knew or should have known that it would be substantially certain that Ms. Hanhart would experience severe emotional distress from the conduct. It is not enough to state a

6

conclusory assertion that CVS knew or should have known, based on her medical history, that Ms. Hanhart experiences mood and anxiety issues.

After our *de novo* review of the record we find that the trial court erred in denying CVS's exception of no cause of action as to Ms. Hanhart's IIED claim. We acknowledge the requirement set forth in La. C.C.P. art. 934[2] that a plaintiff be allowed an opportunity to amend the petition to cure the grounds of the objection raised in an exception of no cause of action. However, as this Court has recognized,

> It is well settled that the right to amend is not absolute. Indeed, under the plain language of La. C.C.P. art. 934, "the right to amend is qualified by the restriction that the objections to the petition must be curable and the decision to allow amendment is within the trial court's discretion." As this court has observed, "[a]mendment is not permitted when it would constitute a vain and useless act."

*DNL Holdings, L.L.C. v Guglielmo*, 2021-0640, p. 19 (La. App. 4 Cir. 6/29/22), 366 So.3d 461, 476 (footnote citations omitted). *See also Ballanco v Morvant*, 2023-0526, p. 9 (La. App. 4 Cir. 1/17/24), 382 So.3d 411, 417, (citing *Smith v. State Farm Ins. Cos.*, 2003-1580, p. 6 (La. App. 4 Cir. 3/3/04), 869 So. 2d 909, 913).

In the present case, the record demonstrates that Ms. Hanhart has not identified any additional facts that could be plead if granted leave to amend that

---

[2] La. C.C.P. art. 934 provides as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

could conceivably state a cause of action for IIED. Under the circumstances, we find that amendment of the petition would be a vain and useless act, and amendment under La. C.C.P. art. 934 is not warranted. Accordingly, Ms. Hanhart's IIED claim against CVS is dismissed without further opportunity to amend her petition.

**WRIT GRANTED; REVERSED AND RENDERED**